# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BEVERLY PERRY,  )
LINDA WILSON,  )
  )
       Plaintiffs,  )
  )
vs.  )  Case No. CIV-16-1210-M
  )
G. DALE FULLERTON,  )
THE STATE OF OKLAHOMA *ex rel.*,  )
THE OKLAHOMA STATE BOARD  )
OF VETERINARY MEDICAL  )
EXAMINERS,  )
  )
       Defendants.  )

## ORDER

Before the Court is plaintiffs' Motion for Extension/Enlargement of Time to Serve Defendant the Oklahoma State Board of Veterinary Medical Examiners Out of Time, filed August 20, 2018. Defendant Dale Fullerton ("Fullerton") has filed his response. Based upon the parties' submissions, the Court makes its determination.

On February 29, 2016, plaintiffs filed the instant action in the District Court for Comanche County, State of Oklahoma. On October 19, 2016, Fullerton removed this action to this Court. At the time of removal, defendant the Oklahoma State Board of Veterinary Medical Examiners ("Board of Veterinary Medical Examiners") had not been served, and as of the date of this Order, the Board of Veterinary Medical Examiners has not been served. This case is currently on the Court's October 2018 trial docket, and the deadline for discovery to be completed is September 1, 2018. Plaintiffs now move this Court to allow service on the Board of Veterinary Medical Examiners out of time or for an extension of time to obtain service.

Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Under Rule 4(m), an extension of time for service of process is either mandatory or permissive. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). If a plaintiff shows good cause for the failure to serve, an extension of time to serve is mandatory. *See id.* If a plaintiff does not show good cause for the failure to serve, a permissible extension of time to serve may be granted within the district court's discretion. *See id.*

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

*Id.* Further, the Tenth Circuit has held that "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (internal citations omitted).

In their motion, plaintiffs state:

> 4. Defendant The Oklahoma State Board of Veterinary Medical Examiners should be apprised of the progression of this case as its former employee, Defendant Dale Fullerton, is being defended by the Attorney General's office. Notice of the claim was sent directly to the Defendant The Oklahoma State Board of Veterinary Medical Examiners. When former counsel from the Attorney General's office sent the Rule 26 disclosures, he mentioned the State of Oklahoma insurance policy in the disclosure, and referenced the director as a witness. The Oklahoma State Board of Veterinary Medical Examiner's computer was listed as having documents. When former counsel Mr. Dan Weitman sent a letter he referenced his 'clients' and counsel for Plaintiffs assumed he was

2

> representing both Defendants. When Plaintiffs served discovery on Defendant The Oklahoma State Board of Veterinary Medical Examiners, Plaintiffs were made aware that The Oklahoma State Board of Veterinary Medical Examiners had not been served, so Plaintiffs immediately issued summons.
>
> 5. This Motion is not sought to delay the case, however more time will be necessary for Defendant to appear and defend. Defendant Oklahoma State Board of Veterinary Medical Examiners is a proper and necessary party. Counsel for Plaintiff incorrectly thought this Defendant was in the case and was being defended by the Attorney General's office.

Plaintiffs' Amended Motion for Extension/Enlargement of Time to Serve Defendant The Oklahoma State Board of Veterinary Medical Examiners Out of Time [docket no. 36] at ¶¶ 4-5.

Having carefully reviewed plaintiffs' motion, the Court finds that plaintiffs have not shown good cause for their failure to timely effect service on the Board of Veterinary Medical Examiners. Plaintiffs' counsel's mistaken belief that the Board of Veterinary Medical Examiners had been served is not sufficient to establish good cause. Thus, the Court finds that plaintiffs are not entitled to a mandatory extension of time to serve the Board of Veterinary Medical Examiners.

Additionally, having carefully reviewed the parties' submissions, the Court, in its discretion, finds that plaintiffs are not entitled to a permissive extension of time to serve the Board of Veterinary Medical Examiners. Specifically, the Court finds the fact that this case is on the Court's October trial docket, with a discovery deadline of September 1, 2018, weighs against any permissive extension of time being granted in this case. Additionally, the Court finds the fact that each defense counsel's appearance in this case identified Dale Fullerton as the represented party, the pleadings filed in this case specifically identified Dale Fullerton as the represented party, and the letter referenced by plaintiffs from Mr. Weitman clearly stated under Mr. Weitman's signature that he was the attorney for Dale Fullerton runs counter to any reasonable conclusion that the Board of Veterinary Medical Examiners had been served and were being represented by the Attorney

General's office in this case and also weighs against any permissive extension of time being granted in this case. Finally, the Court finds that plaintiffs' counsel became aware of the lack of service on the Board of Veterinary Medical Examiners at the latest on June 20, 2018. The fact that plaintiffs waited an additional forty-seven days to file their motion for extension of time to serve the Board of Veterinary Medical Examiners also weighs against any permissive extension of time being granted in this case.

Accordingly, the Court DENIES plaintiffs' Motion for Extension/Enlargement of Time to Serve Defendant the Oklahoma State Board of Veterinary Medical Examiners Out of Time [docket no. 36] and DISMISSES defendant the State of Oklahoma *ex rel.*, the Oklahoma State Board of Veterinary Medical Examiners without prejudice.

**IT IS SO ORDERED this 20th day of August, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE