# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY PERRY, <br> LINDA WILSON, <br><br> Plaintiffs, <br><br> vs. <br><br> G. DALE FULLERTON, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-16-1210-M <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court are plaintiffs' Application to File Plaintiffs' Witness and Exhibit Lists, Out of Time and plaintiffs' Application for Enlargement of Time to File Plaintiffs' Witness and Exhibit List, both filed August 8, 2018.[1] On August 28, 2018, defendant G. Dale Fullerton ("Fullerton") filed his response. Plaintiffs have filed no reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs' deadline to file their witness and exhibit lists was August 1, 2018. Plaintiffs failed to meet this deadline and now move the Court for an order allowing them to file their witness and exhibit lists out of time. Specifically, plaintiffs assert that they did not submit these lists on time due to a docketing error.

Fullerton objects to plaintiffs' applications and asserts that plaintiffs' docketing error is but another example of plaintiffs' litigation strategy. Specifically, Fullerton contends that throughout this litigation, plaintiffs have failed to adhere to the Federal Rules of Civil Procedure and have not pursued this litigation in good faith. Fullerton also contends that he will be prejudiced if plaintiffs

---

[1] Plaintiffs attached their proposed witness and exhibit lists as an exhibit to their Application for Enlargement of Time to File Plaintiffs' Witness and Exhibit List.

are allowed to file their witness and exhibit lists out of time. Specifically, Fullerton asserts that he will now be forced to file his witness and exhibit lists before plaintiff and before he has the opportunity to object to plaintiffs' lists. Fullerton also objects to some of the listed witnesses and exhibits.

Federal Rule of Civil Procedure 6(b) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Tenth Circuit has "recognize[d] that a finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by [movant] and it also must appear that there was a reasonable basis for not complying with the specified period." *In re Four Seasons Secs. Laws Litig*, 493 F.2d 1288, 1290 (10th Cir. 1974) (internal citation omitted). Additionally, the Supreme Court elaborated on the meaning of "excusable neglect" in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). Specifically, the Supreme Court found that "Congress plainly contemplated that the court would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. To determine whether the neglect is "excusable," a court should take into account all of the relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs should be granted leave to file their witness and exhibit lists out of time. Specifically, the Court finds that plaintiffs have shown good cause and excusable neglect. Plaintiffs' failure to file their witness

2

and exhibit lists was caused by a mistake by plaintiffs' counsel – a docketing error. Additionally, plaintiffs did not delay in filing their applications to file their witness and exhibit lists out of time and filed them only seven days after the deadline. Further, the Court finds that Fullerton will not be prejudiced by allowing plaintiffs to file their lists out of time. Particularly, the Court finds any prejudice is minimized because plaintiffs attached their proposed lists to their applications to file out of time, thereby allowing Fullerton to have seen plaintiffs' lists as soon as possible and prior to filing his own witness and exhibit lists. The Court also finds that Fullerton will have the opportunity to object to any of the specific witnesses and exhibits that he believes are improper and should not be allowed. Finally, the Court finds there is no evidence that plaintiffs did not act in good faith.

Accordingly, the Court GRANTS plaintiffs' Application to File Plaintiffs' Witness and Exhibit Lists, Out of Time [docket no. 30] and plaintiffs' Application for Enlargement of Time to File Plaintiffs' Witness and Exhibit List [docket no. 31]. Plaintiffs shall file their witness and exhibit lists, in the same form as Exhibit 2 to plaintiffs' Application for Enlargement of Time to File Plaintiffs' Witness and Exhibit List, on or before September 14, 2018.

**IT IS SO ORDERED this 11th day of September, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE