# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BEVERLY PERRY,<br>LINDA WILSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-16-1210-HE |
| G. DALE FULLERTON, | ) ) ) | |
| Defendant. | ) | |
| BEVERLY PERRY, and<br>LINDA WILSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-18-930-HE |
| THE STATE OF OKLAHOMA,<br>ex rel., THE OKLAHOMA STATE<br>BOARD OF VETERINARY<br>MEDICAL EXAMINERS, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs Beverly Perry ("Perry") and Linda Wilson ("Wilson") originally filed suit against the Oklahoma State Board of Veterinary Medical Examiners ("Board") and G. Dale Fullerton ("Fullerton") in the District Court of Comanche County, State of Oklahoma. Fullerton removed that case (the "Fullerton Case") to this court on the basis of federal question jurisdiction. The Fullerton case was docketed here as CIV-16-1210.

Plaintiffs failed to timely serve the Board and eventually sought leave to serve the Board out of time. The court denied the request and dismissed the Board without prejudice,

leaving Fullerton, in his individual capacity, as the sole remaining defendant. In the Fullerton Case, plaintiffs asserted claims for: (1) libel and slander, (2) invasion of privacy/false light, (3) harassment and deceit, and (4) First Amendment retaliation.

On September 21, 2018, plaintiffs sued the Board again based on the same general dispute and circumstances, but this time in this court. In that case, *Perry, et al. v. State of Oklahoma*, CIV-18-930-HE (the "Board Case"), plaintiff asserted claims against the Board for: (1) libel and slander, (2) negligence, (3) invasion of privacy/false light, (4) harassment and deceit, and (5) First Amendment retaliation in violation of 42 U.S.C. § 1983. The Board moved to consolidate the two cases. Plaintiffs did not object and the cases were consolidated in November 2018.

The Board has now moved to dismiss the Board Case pursuant to Fed.R.Civ.P. 12(b)(6), Fed.R.Civ.P. 41(b), and the Eleventh Amendment of the United States Constitution. Fullerton has moved for summary judgment as to the claims against him in the Fullerton Case.

**Background**

The background facts are substantially undisputed. Fullerton was employed by the Board as an investigator. Perry was the administrator of the Facebook site "Lawton Citizens for the Humane Treatment of Animals." Wilson frequently posted comments and status updates on the Facebook page. In January 2015, the City Manager of Lawton made a written request for assistance from the Board, asking it to assist in investigating public complaints made against the Lawton Animal Welfare shelter ("LAW"). Those complaints, some of which came from plaintiffs, included charges of animal neglect and abuse,

2

misappropriation of shelter funds, and incompetent management and staffing of the facility. One of the primary complaints involved allegations of chemical castration being used on animals at the LAW, and related complications and injuries to animals.

The Board approved the city's request and commenced an investigation. Fullerton was assigned to conduct the investigation of the LAW and to author a report of his findings.

At the conclusion of his investigation, Fullerton prepared such a report. In the report, Fullerton made several recommendations regarding operation of the LAW. However, he concluded that many of the complaints made by plaintiffs were false. He listed in the report a number of criminal statutes which he believed Perry and Wilson, and others, had violated based on what he viewed as their false complaints. He also identified various administrative violations. In addition, Fullerton recommended that the LAW not allow Perry and Wilson to volunteer at the shelter and that no members of the Lawton Citizens for the Humane Treatment of Animals be allowed to serve on the committee overseeing the LAW.

It appears to be undisputed that Fullerton distributed copies of the report to an Assistant Attorney General, the Comanche County District Attorney, the Lawton Police Chief, the Lawton City Attorney, and the City Manager. The report was later disseminated to the public by a local television station and through an article in the local newspaper. It appears that Fullerton did not release the report to the media.[1]

---

[1] *Fullerton's evidence suggests that the copy he provided to the City Attorney was released to the media.*

3

**Discussion**

A.   Motion to Dismiss Board Case

Although its discussion of the concept is brief, the Board asserts the claims against it are barred by Eleventh Amendment immunity. Under that doctrine, a state may not be sued in federal court by its own citizens unless an exception to the doctrine applies or there is some basis for waiver of the immunity. *See* Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Ruiz v. McDonnell, 299 F.3d 1173, 1180-81 (10th Cir. 2002). Further, "[t]o assert Eleventh Amendment immunity, a defendant must qualify as a state or an 'arm' of a state." Ruiz, 299 F.3d at 1180. There appears to be no real dispute here but that the Board is an arm of the State of Oklahoma entitled to assert the doctrine. *See* Steadfast Ins. Co. v. Agric. Ins. Co., 507 F.3d 1250, 1253 (10th Cir. 2007) (setting forth primary factors in determining whether entity constitutes "arm of the state"); Okla. Stat. tit. 59, § 698.1, *et seq.* (setting forth purpose, structure, powers and duties of Board).

No exception to Eleventh Amendment immunity applies in this case. Plaintiffs concede that Congress has not abrogated immunity as to the First Amendment claim through its adoption of § 1983. *See also* Quern v. Jordan, 440 U.S. 332, 345 (1979) (holding Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983). The relief sought here – damages as to all claims – does not fall within the exception for suits seeking declaratory or injunctive relief. *See* Ex Parte Young, 209 U.S. 123 (1908).

No other basis for avoiding Eleventh Amendment immunity has been suggested. Plaintiffs have not suggested any basis for waiver of the doctrine, and Oklahoma has clearly indicated it has not, in general, waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51, § 152.1(B) ("In so waiving immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution."). The Board did not remove this case to federal court, so that potential basis for waiver is not present. *See* Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613 (2002).

In short, no basis for avoiding the State's Eleventh Amendment immunity has been shown. The claims against the Board must therefore be dismissed on that basis, making it unnecessary to determine whether plaintiffs have otherwise stated a claim against it. Further, it does not appear the problem is subject to being remedied by amendment of the complaint.

B.  Motion for Summary Judgment

Fullerton has moved for summary judgment as to all claims asserted against him, including the § 1983 First Amendment retaliation claim that was the basis for removal of the Fullerton Case to this court. As to that claim, Fullerton has asserted the defense of qualified immunity.

A defendant in a § 1983 case who is sued in his individual capacity may assert the defense of qualified immunity, which shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law. *See* Estate of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014). Once an individual defendant asserts qualified immunity, it becomes the plaintiff's burden to show: "(1) that the defendant's actions

5

violated a federal constitutional or statutory right and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." Gutierrez v. Cobos, 841 F.3d 895, 900 (10th Cir. 2016) (emphasis added). The burden of making this showing is on the plaintiff, and if the plaintiff fails to make the necessary showing as to either element, the court must grant qualified immunity. *See* Carabajal v. City of Cheyenne, Wyo., 847 F.3d 1203, 1208 (10th Cir. 2017).

With respect to the second element, the necessary showing of "clearly established law" must be made by pointing to a Supreme Court case, a Tenth Circuit case, or to the weight of authority from other courts, existing at the time of the alleged violation. *See* Knopf v. Williams, 884 F.3d 939, 944 (10th Cir. 2018). The cases or other authority need not be directly on point, but must have placed the statutory or constitutional question beyond the bounds of reasonable debate. *Id.* Further, the "clearly established law" cannot be defined in a highly general or extremely abstract way but must be "particularized" to the facts of the case. *See id.* "The dispositive question is whether the violative nature of *particular* conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (internal quotations and citations omitted) (emphasis in original).

Here, while Fullerton's discussion of qualified immunity is spare,[2] it is nonetheless clear that he invoked the doctrine. As noted above, that circumstance shifts to the plaintiffs

---

[2] *The briefing by both parties has been extraordinarily ragged, making the court's resolution of the various issues considerably more difficult.*

6

the burden of making the necessary showing both of a constitutional violation and that the pertinent law was clearly established with the necessary specificity. Plaintiffs' response brief attempts to show the existence of a factual dispute as to the first element --- whether a constitutional violation occurred --- and their response would likely be sufficient if that was the only question involved.[3] But as to the "clearly established" element, plaintiffs' brief is simply silent. Beyond a general reference to the First Amendment, it makes no attempt to identify any pertinent authority nor does it attempt any discussion of the degree of specificity with which the clearly established law must have been established. It may well be, and probably is, that there is a sufficient argument which could be made on the point. But the plaintiffs, whose burden it is to make the showing, have not attempted to do so, and the court declines to simply assume away the requirement or to act as plaintiffs' counsel in seeking out the answer. *See generally*, Cox v. Glanz, 800 F.3d 1231, 1244-47 (10th Cir. 2015) (noting that plaintiff had not "attempted to shoulder the burden" of showing clearly established law).

In these circumstances, plaintiffs have not met their burden necessary to avoid the defense of qualified immunity. Fullerton is therefore entitled to qualified immunity and plaintiffs' § 1983 First Amendment retaliation claim will be dismissed with prejudice.

---

[3] *Plaintiffs have produced evidence which would support an inference that Fullerton's report and recommendations went beyond simply resolving the matter referred to him for investigation, and were in retaliation for comments made by plaintiffs. There is, of course, contrary evidence, but plaintiffs' evidence is at least sufficient to create a justiciable controversy as to the "violation" element.*

**C.     Exercise of Supplemental Jurisdiction**.  Having concluded that no federal claim remains against either defendant, the court must make a determination of whether it should exercise supplemental jurisdiction over the remaining state law claims against Fullerton. 28 U.S.C. § 1367.  Those claims were part of the original case which was removed to this court on the basis of federal question jurisdiction.

Supplemental jurisdiction over state claims is exercised on a discretionary basis but, as a general proposition, a federal court will decline to exercise supplemental jurisdiction if the federal claims are dismissed before trial, leaving only state law claims.  *See* Brooks v. Gaenzle, 614 F.3d 1213, 1229-30 (10th Cir. 2010); Bauchman v. West High School, 132 F.3d 542, 549 (10th Cir. 1997).  Here, there do not appear to be circumstances which would warrant departing from the usual posture of declining to exercise supplemental jurisdiction.  The remaining state claims will require resolution of uncertain questions as to the nature and reach of privileges and other limiting doctrines set out by state statute. Plaintiffs indicate they are pursuing a Free Speech claim under the Oklahoma Constitution, and assert that the standard for such claims is different from that for federal First Amendment claims.  Further, the nature of the controversy involves relationships between state boards or actors and local government units, which also potentially involve sometimes unclear issues of state law.  In short, given the degree to which the remaining issues will require resolution of questions of state law, it makes sense for those questions to be resolved by Oklahoma's courts.

The court declines to exercise supplemental jurisdiction over the remaining claims against Fullerton.

D.  Consolidation of Cases

In order to implement the court's rulings most efficiently, the order consolidating these two cases will be vacated and the cases will be resolved separately.

**Conclusion**

For the reasons stated here, the November 26, 2018 order consolidating these cases [Doc. #74] is **VACATED** and the Board Case and the Fullerton Case are **SEVERED.** The Board's Motion to Dismiss in Case No. 18-930-HE [Doc. #7] is **GRANTED** and the claims against the Board (i.e. the State of Oklahoma) are **DISMISSED WITHOUT PREJUDICE**. Defendant Fullerton's motion for summary judgment in Case No. 16-1210-HE [Doc. #40] is **GRANTED** as to the issue of qualified immunity and the First Amendment retaliation claim. That claim is **DISMISSED WITH PREJUDICE**. As state law claims remain against Fullerton in Case No. 16-1210-HE, that case is **REMANDED** to the District Court of Comanche County.

**IT IS SO ORDERED.**

Dated this 31st day of January, 2019.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE